## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) DEZSO SILAGYI AND MELISSA** | ) | |
| **SILAGYI, as Co-Administrators of** | ) | |
| **The Estate of N.S., deceased,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **-vs-** | ) | **Case No. CIV-21- 607-SLP** |
| | ) | |
| **(2)  INDEPENDENT SCHOOL DISTRICT NO.** | ) | |
| **12, OKLAHOMA COUNTY, OKLAHOMA** | ) | |
| **a/k/a EDMOND PUBLIC SCHOOLS;** | ) | |
| **(3)  KENDALL ALLEN;** | ) | |
| **(4)  BOARD OF EDUCATION OF EDMOND** | ) | |
| **PUBLIC SCHOOLS,** | ) | |
| **(5)  GAGGLE, INC.** | ) | |
| **(6) GAGGLE.NET, INC.** | ) | |
| **(7) IBOSS,INC.** | | |
| **(8) CRAIG ROBISON, LPC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND BRIEF IN SUPPORT

Defendants, Independent School District No. 12 of Oklahoma County, Oklahoma, a/k/a Edmond Public Schools, ("District"), Kendall Allen ("Allen") and Edmond Board of Education ("Board") (collectively "School Defendants"), hereby move for partial dismissal of Plaintiffs' Amended Complaint [Doc. No. 12] for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Plaintiffs, Dezso and Melissa Silagyi are the co-administrators of the estate of their

deceased child, N.S., who bring this action against District, Allen, Board, Gaggle, Inc., Gaggle.Net, Inc. (collectively "Gaggle Entities"), Iboss, Inc., and Craig Robison, LPC ("Robison"), as a result of the November 19, 2019, death of N.S. by suicide. They allege: (1) separate negligence claims against District and Allen; (3) concealment/misrepresentation against Allen; (4) breach of contract against all Defendants; (5) a claim against Allen under 42 U.S.C. §1983 for violation of the substantive due process rights of N.S.;(6) a claim against Allen under 42 U.S.C. §1983 for denial of medical care to N.S; (7) a claim under 42 U.S.C. §1983 ("Section 1983") against the District and Board for failure to train its employees to respond to notice of suicidal risk by District students; (8) separate negligence claims against Gaggle Entities, Iboss, and Robison. Doc. 12. Plaintiffs allege that during N.S.'s freshman fall semester of 2019, he exhibited suicidal signs in his written assignments, class comments, and text messages to another student that were known to Defendants, but that Defendants failed to contact Plaintiffs about N.S.'s behavior and as a result, N.S. died.

School Defendants move for partial dismissal of Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). School Defendants move to dismiss Plaintiffs' claims as follows: Count IV for Breach of Contract of the Collective Bargaining Agreement because Plaintiffs do not have standing to make this claim; Count IV for breach of contract and Count VII for failure to train under Section 1983 as to the Board because it is not a proper legal entity subject to suit; Counts V and VI, the Section 1983 claims, because Plaintiffs fail to state danger creation or special

relationship substantive due process claims against Allen, and because Allen is entitled to qualified immunity.

## **STANDARD OF REVIEW**

A motion pursuant to Rule 12(b)(6) assumes that the court is authorized to resolve the dispute and tests whether there is a legal dispute to resolve. The function of a Rule 12(b)(6) motion is to test the law of a claim, not the facts which support it. *Niece v. Sears, Roebuck and Company*, 293 F.Supp. 792, 794 (N.D. Okla. 1968).

In deciding a motion to dismiss for failure to state a claim, the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Pleadings that are no more than legal conclusions are not entitled to the assumption of truth; while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A complaint need not contain detailed factual allegations; however, a plaintiff's obligation requires more than labels and conclusions, and a mere recitation of the elements of a cause of action will not be sufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A plaintiff must allege sufficient facts to "nudge [ ] their claims across the line from conceivable to plausible." *Id.* at 570.

One of the purposes of the plausibility requirement is "to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success" and "to

inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). The "degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" which ultimately depends on the type of case. *Id.* at 1248.

**Proposition I:      Under Oklahoma law, District's Board is not a separate legal entity subject to suit.**

Plaintiffs have named Board as a party and in Paragraph 8 of the Amended Complaint allege that the Board is the governing body for Edmond Public School District. Doc. No. 12, ¶8.  Oklahoma law provides that a school district is a corporate body possessing the powers of a corporation for public purposes. 70 O.S. §5-105. The law further provides that a school district may sue and be sued by the name and style of "Independent School District Number . . ." *Id.* The "governing body" of each school district is referred to as the "board of education." 70 O.S. §5–106.  A school board of education is not itself a separate body corporate, and has no legal existence independent of the school district it governs. As such, there is no law or other authority which permits a board of education of a public school district to sue or be sued in its own name.

In *Primeaux v. Ind. Sch. Dist. No. 5 of Tulsa County Okla.*, 954 F. Supp.2d 1292, 1295 (N.D. Okla. 2012), the United States District Court for the Northern District of Oklahoma held that a public school board is not a separate suable entity under Oklahoma law. *Id.* at *2. Further, in ruling that the board should be dismissed, the court found that "where an Oklahoma school district is named as a defendant, any claims against the school board are

duplicative of claims against the school district." *Id. See also Team Systems International, LLC v. Haozous*, 2015 WL 2131479, *2 (W.D. Okla., May 7, 2015)(stating *in dicta* that a school board may not sue or be sued); *Issacs v. Konawa Public Schools,* 2021 WL 1229945 *4 (E.D. Okla. March 21, 2021) (Court dismissed the plaintiff's Section 1983 claim against the board of education);

According to Rule 17, Fed. R. Civ. Proc., the capacity for a corporation to sue or be sued is determined by the law of the state in which the corporation was organized. Fed. R. Civ. Proc. 17(b)(2).  Oklahoma law provides that corporations must sue or be sued in their corporate name. See, 18 O.S. §1016. Courts have previously held that a school board is an improper party for a Section 1983 claim. *Primeaux,* 954 F.Supp.2d at 1295 (School board of education is not separate entity subject to suit); *Hopkins v. Bacon College*, 2016 WL 6604357 *2 (E.D. Okla., Nov. 8, 2016) (In a Title VII and ADEA action, the court found that the board of trustees was not a entity subject to suit). Since the Board is not a separate legal entity under Oklahoma law,  and as claims against the Board are duplicative of the claims against District, Plaintiffs' breach of contract and Section 1983 claims against the Board should be dismissed.

**Proposition II:        Plaintiffs do not have standing for their breach of contract claim.**

In Count IV of Plaintiffs' Amended Complaint, they assert that N.S. was a third party beneficiary of District's collective bargaining agreement ("CBA") with the Edmond Association of Classroom Teachers ("EACT") and that District breached the CBA. Doc. No.

12, ¶¶59-67. However, as N.S. was not a third-party beneficiary of the CBA, Plaintiffs do not have standing for their breach of contract claim.

The question of whether N.S. is a third-party beneficiary of the agreement between the District and the EACT must be determined according to Oklahoma law. *United States v. State Farm Mut. Auto Ins. Co.*, 455 F.2d 789, 790-91 (10th Cir. 1972). Under Oklahoma law:

> [I]n order to establish a duty of care under this [third-party beneficiary] theory, "[i]t is not necessary that third-party beneficiaries be specifically identified at the time of contracting, but it must appear that the contract was expressly made for the benefit of a class of persons to which the party seeking enforcement belongs." *Copeland*, 933 P.2d at 939 (citation omitted). Further, it is insufficient if a third party only incidentally benefits from the contract. Id. (citation omitted)."

*Robertson v. Frontera Produce, Ltd.,* 2014 WL 12729280 *6 (W. D. Okla. January 23, 2014), *citing, Copeland v. Admiral Pest Control Co.,* 933 P.2d 937, 939 (Okla. Civ. App. 1996).

In Oklahoma, the governing board of a school district is the board of education. 70 O.S. §5-106. A board of education is the final policy-making authority, *Curtis v. Oklahoma City Public Schools,* 147 F.3d 1200 (10th Cir. 1998), and it has the authority to contract with teachers. 70 O.S. §5-117. The purpose of the Oklahoma laws governing collective bargaining between school districts and their employees is "to strengthen methods of administering employer-employee relations through the establishment of an orderly process of communications between school employees and the school district." 70 O.S. §509.1.

Here, Plaintiffs allege that the CBA "provided an expectation for teachers to address

the safety of Edmond Public School students under their care and supervisor (sic) during the school day." Doc. No. 12, ¶61. Plaintiffs refer to Article 12(B) of the CBA which provides that "The District, through the administration or through the IEP team process, if applicable, will recommend the attention of a counselor, social worker, physician or other professional for a student under appropriate circumstances." *Id.* Plaintiffs also allege "an implied contract arose from the master service contract and the context of its facts and circumstances to the effect that the District and its teachers promised to not ignore or fail to handle or address a risk of suicide or mental health needs of which either District or any of its teachers became aware." Doc. No. 12, ¶66. Plaintiffs do not allege facts which support the "context" referred to in Paragraph 66, nor do they refer to any other language from the CBA.

In *Copeland*, *supra*, a motel guest who was bitten by a spider claimed that she was a third-party beneficiary of a contract between the motel and a pest control company that provided service to the motel. The Oklahoma Court of Civil Appeals upheld summary judgment in favor the motel and pest control company, finding no evidence these parties intended that their contract benefit motel guests. *Copeland,* 933 P.2d at 939.

In *Colony Ins. Co. v. Burke,* 698 F.3d 1222, 1230 (10th Cir. 2012) the court affirmed the holding of the district court that the estate of a deceased foster child was not a third-party beneficiary of an insurance policy providing liability coverage to the foster parent. According to the court in *Colony,*"[a]lthough '[i]t is not necessary that [a third] party be specifically named as a beneficiary' in order to have standing, the contract must be made

'expressly' for the third party's benefit, which 'means in an express manner; in direct or [unmistakable] terms; explicitly; definitely; directly.' *Id.* at 1230; *Insight Investments, LLC v. North American Speciality Insurance Company*, 2021 WL 412277 (W.D. Oklahoma, February 5, 2021).

The allegations in Plaintiffs' Amended Complaint fall short of showing that the CBA was created for their benefit, or for the benefit of N.S. As alleged, any benefit to N.S. from an agreement between the District and its teachers is incidental at best, and does not make him a third-party beneficiary. 698 F.3d at 1231. As N.S. was not a third-party beneficiary of the CBA, his estate lacks standing to pursue a claim of breach of that agreement.

**Proposition III:**    **As Plaintiffs fail to adequately allege (1) affirmative conduct by Allen which created an immediate risk of harm to N.S. (2) that any risk to N.S. was obvious or known and Allen acted in conscious disregard of a risk to N.S., and they do not allege conduct by Allen that shocks the conscience, Plaintiffs have not stated a substantive due process danger-creation claim against Allen.**

Plaintiffs' fifth cause of action is entitled "Fourteenth Amendment Violations - Kendall Allen." Doc. No. 12, ¶¶68-76. They allege that Allen was aware of a substantial risk of harm to N.S., and failed to share the information she possessed with his parents or District administrators of. *Id.* Plaintiffs allege Allen's actions shocks the conscience and violated their substantive due process rights and those of N.S. *Id.* at ¶74. However, Plaintiffs fail to state a claim against Allen.

"To prevail on a state-created danger theory, a plaintiff must first show (i) "an affirmative act [by the state actor] rendering [the plaintiff] vulnerable to danger within the

meaning of the danger creation exception" and (ii) "an act of private violence." *Stockbridge v. Independent School District No. 115 of Pottawatomie County, State of Oklahoma,* No. CIV-18-1261, at* 7 (W.D. Okla. September 11, 2019), *citing, Gray v. University of Colorado Hosp. Authority,* 672 F.3d 909, 925-927 (10th Cir. 2012). If these elements are shown, then a plaintiff must show:

> (1) state actors created the danger or increased the plaintiff's vulnerability to the danger in some way, (2) the plaintiff was a member of a limited specifically definable group, (3) the defendants' conduct put the plaintiff at substantial risk of serious, immediate, and proximate harm, (4) the risk was obvious or known, (5) the defendants acted recklessly in conscious disregard of that risk, and (6) the conduct, when viewed in total, shocks the conscience.

*Robbins v. Oklahoma,* 513 F.3d 1242, 1251 (10th Cir. 2008). "Regarding the necessary culpability, the Due Process clause only protects against "deliberately wrongful government decisions rather than negligent government conduct." *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.,* 511 F.3d 1114, 1126 (10th Cir. 2008) citing *Uhlrig v. Harder,* 64 F.3d 567, 573 (10th Cir. 1995). The Tenth Circuit, has reasoned that the danger-creation theory must be reserved for "exceptional circumstances" involving an obvious or known risk of serious harm or else this theory would allow 42 U.S.C. § 1983 to "replace state tort law" and usurp the authority of "local policymaking bodies in making decisions impacting public safety." *Ruiz v. McDonnell*, 299 F.3d 1173, 1184 (10th Cir. 2002).

Under the danger creation theory, affirmative conduct "typically involves conduct that imposes an immediate threat of harm, which by its nature has a limited range and duration" and "the conduct should be directed at a discrete plaintiff rather than at the public at large."

*Id.* at 921, quoting *Graham v. Ind. Sch. Dist. No. I-89,* 22 F.3d 991, 995 (10th Cir. 1994).

Mere negligence or inaction is not enough to invoke the danger creation theory. See, e.g.

*Robbins v. Oklahoma,* 519 F.3d 1242,1251 (10th Cir. 2008).

### A.    Plaintiffs do not allege affirmative conduct by Allen which created an immediate risk of harm to N.S.

Plaintiffs allege that on August 27, 2019, N.S. turned in a paper to Allen which reflected that he was in need of mental health treatment.  Doc. No. 12, Amended Complaint, ¶¶22-26.  They further allege that at a parent-teacher conference on October 8, 2019, Allen told Plaintiffs that N.S. "seemed like a troubled soul," but that Allen refused to explain her the basis for her opinion.  Doc. No. 12, Amended Complaint, ¶¶34-35.  N.S. committed suicide at on November 21, 2021.  Doc. No. 12, Amended Complaint, ¶46.

Allen did not affirmatively act to place N.S. at substantial risk of serious, immediate and proximate harm. *Armijo By and Through Chavez v. Wagon Mound Public Schools*, 159 F.3d 1253, 1264 (10th Cir. 1998) (school official defendants, who knew minor was suicidal and distraught, placed minor at substantial risk of immediate harm when they suspended him from school, took him home (where firearms were present), and left him alone.)

### B.    Any risk to N.S. was not obvious or known and Allen did not act in conscious disregard of a risk to N.S.

To state a danger-creation claim:

[A] defendant must have actual or constructive awareness of the gravity of the risk, including its effect on a limited and specifically definable group. An act is reckless when it reflects a wanton or obdurate disregard or complete indifference to risk, for example "when the actor does not care whether the

other person lives or dies, despite knowing that there is a significant risk of death" or grievous bodily injury.

*Medina v. City and County of Denver*, 960 F.2d 1493, 1496 (10th Cir. 1992).  The allegations here do not reflect that Allen was aware of a risk of harm to N.S., nor do they show that she acted with complete indifference to any risk to him.

### C.     Allen's alleged actions do not shock the conscience.

In paragraph 75 of the Amended Complaint, Plaintiffs allege:

> As the English teacher of N .S., Ms. Allen's actual awareness, disregard, and choice to keep N.S.'s parents in the dark, ostensibly choosing to prioritize the "trust" between herself as teacher and student and choosing to conceal vital information from his parents, shocks the conscience and violated the substantive due process rights of N.S. and his parents.

Doc. No. 12, Amended Complaint.

Conduct that shocks the judicial conscience...is deliberate government action that is arbitrary and unrestrained by the established principles of private right and distributive justice." *Hernandez v. Ridlev*. 734 F.3d 1254, 1261 (10th Cir. 2013)(quoting *Seegmiller v. LaVerkin City*, 528 F.3d at 767); *see also Uhlrig v. Harder*, *supra* at 574 ("[T]he plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking."). Plaintiffs allege no conduct by Allen that shocks the conscience.

As Plaintiffs' allegations do not show (1) affirmative conduct by Allen that  put N.S. at risk of immediate harm; (2) conduct by Allen in wanton disregard of a risk to N.S.; and (3) conduct by Allen that shocks the conscience, Plaintiffs' substantive due process claim

against Allen (Count V of the Amended Complaint, Doc. No. 12) should be dismissed.

**Proposition IV:**    **As there was no legally recognized "special relationship" between Allen and N.S., there can be no substantive due process claim against Allen under the Fourteenth Amendment for denial of medical care to N.S.**

In Count VI of the Amended Complaint, Plaintiffs assert a Fourteenth Amendment claim under Section 1983, that Allen deliberately denied N.S. mental health care after she had awareness of his suicidal ideations, and that Allen's conduct was a substantial factor in causing N.S.'s "mentality to continue to erode to the point of N.S. committing suicide." Doc. No. 12, Amended Complaint, ¶¶77-81. Plaintiffs appear to assert a substantive due process claim under the special relationship doctrine. *Armijo, supra,* at 1260. However, Plaintiffs fail to state a claim for denial a medical care under Section 1983.

The special relationship doctrine exists in limited circumstances when the government or its employees restrains an individual's liberty through incarceration, institutionalization, or other type of restraint. *DeShaney v. Winnebago County Dep't of Social Servs.,* 489 U.S. 189, 198-200, 109 S.Ct. 998, 103 L.Ed. 2d 249 (1989). If a person is involuntarily committed as a mental patient or taken into police custody, then the government and its employees have a duty to provide medical care and ensure reasonable safety. *See, Lee v. Pine Bluff Sch. Dist.,* 472 F.3d 1026, 1029 (8th Cir. 2007). However, school compulsory attendance laws do not create a special relationship; therefore, the Due Process Clause does not require schools to protect student from assaults by other students while attending school, even where the school knew or should have known of the danger presented. *Graham,* 22 F.3d at 994-95; *Maldonado*

*v. Josey,* 975 F.2d 727, 732 (10ᵗʰ Cir. 1992). A school district employee likewise has no constitutional duty to protect a student from bullying. *O'Dell v. Casa Grande Elementary Sch. Dist. No. 4,* 2008 WL 5215329, *4-5 (D.Ariz., Dec. 12, 2008); *Reyna v. Ind. Sch. Dist. No. 1 of Oklahoma County, Okla.,* 2012 WL 1023526 *4 (W.D. Okla. March 27, 2012). Moreover, a school district employee may not be held liable under Section 1983 for failing to provide or obtain medical care for an ill student on a school-sponsored trip. *Lee,* 427 F.3d at 1030.

Here, Plaintiffs allege only that N.S. attended a District school, that Allen, his teacher, had knowledge of his mental health issues, and that was deliberately indifferent to N.S.'s mental health needs. There is nothing in Plaintiffs' allegations to show a "special relationship" between N.S. and Allen, which could serve as the basis of a Fourteenth Amendment claim, for denial of medical care.

Since there was no special relationship between Allen and N.S. and no corresponding constitutional duty to administer medical/mental healthcare to N.S., Count VI of the Amended Complaint (Doc. No. 12, ¶¶77-81), should be dismissed.

**Proposition IV:     Defendant Allen is entitled to qualified immunity.**

The defense of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person should have known." *A.M. v. Holmes,* 830 F.3d 1123, 1132 (10ᵗʰ Cir. 2016). When a defendant raises the defense of qualified immunity,

a plaintiff must establish that the defendant's conduct violated a federal constitutional or statutory right and that the right was clearly established at the time of the conduct. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Hulen v. Yates*, 322 F.3d 1229, 1237 (10th Cir. 2003).

In order for Plaintiffs to recover against Defendant Allen in her individual capacity, Plaintiffs must 1) adequately allege a violation of a constitutional right 2) which must be clearly established at the time of the alleged violation.  *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)(holding that the two step procedure should not be an inflexible requirement). If the plaintiff does not establish either prong of this inquiry, the court must grant the defendant qualified immunity, *Currier v. Doran,* 242 F.3d 905, 923 (10th Cir. 2001).

Additionally, the Tenth Circuit has held that:

> [P]laintiff must do more than identify a clearly established legal test and then allege that the defendant has violated it. The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited. The 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'

*Hannula v. City of Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The law is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as plaintiff maintains. *Farmer v. Perrill*, 288 F.3d

1254, 1259 (10th Cir.2002).

As discussed above, Plaintiffs cannot establish a violation of a constitutional or statutory right by Defendant Allen. Moreover, there is no case law establishing a federal constitutional obligation of a public school teacher to protect a student from self-harm or to have mental health care/counseling available at school within a certain time frame. Thus, Allen is entitled to qualified immunity on all of Plaintiffs' federal claims against her.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request the Court to grant this motion. The Court should dismiss all claims against the Edmond Board of Education (breach of contract (Count IV) and Section 1983 for failure to train (Count VII)) because under Oklahoma law the board of education is not a separate legal entity subject to suit. Count IV of the Amended Complaint should be dismissed because N.S. was not third party beneficiary of the collective bargaining agreement between the Board and the teachers' union and therefore Plaintiffs do not have standing. Plaintiffs' Section 1983 danger creation claim against Defendant Allen (Count V) should be dismissed because Allen's inaction (failure to report) may not be the basis of liability for a substantive due process danger-creation claim and Plaintiffs allege no conduct by Defendant Allen that should shock the judicial conscience. Further, Plaintiffs have not alleged a special relationship obligating Allen to obtain/provide medical/mental care to N.S. and thus Count VI should be dismissed. Finally, as to all of Plaintiffs' federal claims, Allen is entitled to qualified immunity.

S/Laura L. Holmgren-Ganz
Laura L. Holmgren-Ganz, OBA #12342
F. Andrew Fugitt, OBA #10302
The Center For Education Law, P.C.
900 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 528-2800
Facsimile:  (405) 528-5800
E-Mail: LGanz@cfel.com
E-Mail: Afugitt@cfel.com
Attorney For Attorneys For Edmond
Public Schools, Kendall Allen, and Board
of  Education of Edmond Public Schools

## Certificate of Service

I hereby certify that on November 15, 2021, I electronically transmitted the attached
document to the Clerk of Court using the Electronic Case Filing System for filing.  Based on
the records currently on file in this case, the Clerk of Court will transmit a Notice of
Electronic Filing to those registered participants of the ECF System: Bryan E. Stanton and
Carson C. Smith.

S/Laura L. Holmgren-Ganz
Laura L. Holmgren-Ganz